**Manjit Singh BRAR, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–70361.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Jan. 6, 2010.

Martin Avila Robles, Esq., Law Office of Martin Resendez Guajardo, P.C., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, GOODWIN, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Manjit Singh Brar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's factual findings, *Damon v. Ashcroft,* 360 F.3d 1084, 1088 (9th Cir.2004), and for abuse of discretion the denial of a request for a continuance, *Biwot v. Gonzales,* 403 F.3d 1094, 1099 (9th Cir.2005). We deny the petition for review.

Substantial evidence supports the agency's determination that Brar's marriage was not bona fide where Brar's citizen-spouse testified she married Brar for immigration purposes, she received $15,000 for marrying him and the couple never resided together. *See Damon,* 360 F.3d at 1089 (test for a bona fide marriage is whether the couple intended to establish a life together at the time they were married); *see also Bark v. INS,* 511 F.2d 1200, 1201–02 (9th Cir.1975) (conduct of parties after marriage is relevant to show intent at time of marriage).

The IJ did not abuse his discretion in denying Brar a continuance. *See De la*

*Cruz v. INS,* 951 F.2d 226, 229 (9th Cir. 1991) (no error in denying continuance where alien was ineligible for relief sought).

Brar's remaining contentions are unpersuasive.

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).